GEORGIA STUDENT FINANCE
COMMISSION, et al., Plaintiffs,

v.

Lauro F. CAVAZOS, in his official ca-
pacity as Secretary of Education, et
al., Defendants.

Civ. A. No. 1:89–cv–160–MHS.

United States District Court,
N.D. Georgia,
Atlanta Division.

July 9, 1990.

Patricia T. Barmeyer, William Bradley Hill, Jr., Office of State Atty. Gen., Nancy M. Gallagher, Office of Georgia Secretary of State, Atlanta, Ga., Leigh M. Manasevit, Brustein & Manasevit, Washington, D.C., for plaintiffs, Ga. Student Finance Com'n, Ga. Higher Educ. Assistance Corp. and Ga. Student Finance Authority.

Amy Berne Kaminshine, Office of U.S. Atty., N.D.Ga., Atlanta, Ga., Neil H. Koslowe, U.S. Dept. of Justice, Civ. Div., Stephen Y. Winnick, Harold Jenkins and Brian Siegel, U.S. Dept. of Educ., Washington, D.C., for defendants Lauro F. Cavazos, Secretary of Educ. and U.S. Dept. of Education.

## ORDER

SHOOB, District Judge.

Plaintiffs filed this declaratory judgment action challenging the constitutionality of the 1987 Amendments to the Higher Education Act of 1965 (the "Amendments") which require the transfer of excess reserves held by guarantors participating in the Guaranteed Student Loan Program to the United States Department of Education ("DOE"). Plaintiffs also allege that defendants have breached their contracts with plaintiffs and have acted in violation of the Higher Education Act (the "Act"). Presently before the Court are cross-motions for summary judgment.

Since the enactment of the Amendments by Congress as part of the Omnibus Budget Reconciliation Act of 1987, Pub.L. No. 100–203, 101 Stat. 1330–36, state guarantors have flocked to federal court for a determination of the constitutionality of the Amendments. The majority of the courts have rejected the challenges. The Court agrees with the weight of authority that while the Amendments work a hardship on state guarantors, plaintiffs' constitutional arguments lack merit. The Court, therefore, will deny in part plaintiffs' motion for summary judgment and will grant in part defendants' motion insofar as the motions address the constitutionality of the Amendments. The Court will defer ruling on plaintiffs' remaining claims pending submission of the administrative record.

### I.  Facts

On April 7, 1989, the Court denied plaintiffs' motion for a preliminary injunction in an order that made extensive findings of fact. To avoid repetition, the Court will summarize briefly the relevant facts in this dispute.

Under the Guaranteed Student Loan program ("GSL"), lenders make loans to students attending eligible educational institutions. See 20 U.S.C. § 1071 (1988). Student repayment of the loans is guaranteed by guaranty agencies, which are insured for losses on defaulted loans by the DOE. The Act authorizes the Secretary of Education (the "Secretary") to enter into reinsurance agreements with the guarantee agencies; the agreements provide that the Secretary will reimburse between 80% and 100% of an agency's guaranty claim payments to lenders. In return, the agency agrees to satisfy GSL requirements and to comply with "all changes in the Act or Regulations in accordance with their effective dates." See also 34 C.F.R. § 682.400(d) (1989) ("[a]ll agreements are subject to subsequent changes in the Act or the regulations that apply to the GSL").

Guaranty agencies are required to deposit and maintain in a reserve fund all cash and other receipts. 34 C.F.R. § 682.410(a)(2)–(6) (1989). It is the reserve

fund that is at issue in this action. The Amendments set forth a statutory formula for determining the maximum amount each guaranty agency is allowed to have in its reserve fund. Agencies with excess reserves are directed to transfer the excess to the Secretary (the "transfer requirement") unless eligible for a waiver. *See* 20 U.S.C. § 1072(e) (1988).

Plaintiff Georgia Higher Education Assistance Corporation ("GHEAC"), a guaranty agency created by the State of Georgia, became a member of the GSL program and entered into reinsurance agreements with the Secretary in 1977. In accordance with the Amendments, the Secretary determined that GHEAC had a maximum cash reserve level of $3,109,452, actual reserves of $15,003,447, and excess cash reserves of $11,893,995. The Secretary instructed GHEAC that it was to transfer $10,113,764 of the excess cash to DOE. GHEAC applied for a waiver of the requirement which was denied. GHEAC refuses to comply with the transfer requirement; the Secretary has been applying reimbursements otherwise available to GHEAC toward the amount of excess cash reserves the guarantor is required to transfer.

GHEAC challenges the Amendments and the Secretary's actions on several grounds. First, GHEAC argues that defendants' actions constitute an unconstitutional taking of GHEAC's property without just compensation, violates the equal protection component and due process requirement of the Fifth Amendment, and unconstitutionally questions the validity of the Public Debt. Second, GHEAC alleges that defendants breached its contracts with GHEAC. Finally, GHEAC contends that an unauthorized official erroneously denied a waiver of the transfer requirement and the Secretary miscalculated GHEAC's excess reserve.

## II. *The Constitutional Claims*

GHEAC is not the first guaranty agency to bring suit against the Department of Education challenging the Amendments. Every appellate court that has considered the issue has upheld the constitutionality of the Amendments. *See Education Assistance Corp. v. Cavazos,* 902 F.2d 617 (8th Cir.1990); *Ohio Student Loan Comm'n v. Cavazos,* 900 F.2d 894 (6th Cir.1990) (reversing District Court decision relied upon extensively by plaintiffs in this action); *S.C. State Education Assistance Authority v. Cavazos,* 897 F.2d 1272 (4th Cir.1990) (reversing two District Court decisions relied upon by plaintiffs). The majority of the District Courts entertaining similar actions have reached the same conclusion. *See, e.g., Connecticut Student Loan Foundation v. Cavazos,* No. H–89–182 (AHN), 1990 WL 66584 (D.Conn. Jan. 10, 1990); *North Carolina v. United States,* 725 F.Supp. 874 (E.D.N.C.1989); *State of Delaware v. Cavazos,* 723 F.Supp. 234 (D.Del.1989); *Great Lakes Higher Education Corporation v. Cavazos,* 711 F.Supp. 485 (W.D.Wisc.1989). The Court agrees with the exhaustive analysis of the courts that have upheld the constitutionality of the Amendments. Therefore, the Court will summarize briefly the grounds for its decision below.

### A. Property Interest

██ The Secretary extensively regulates GHEAC's excess reserves: the fund is "entirely a creature of federal regulation." *Education Assistance Corp.,* 902 F.2d at 626. The guarantor has no ownership interest in its reserve fund. Therefore, GHEAC does not possess the requisite "property right" deserving the protection of the Fifth Amendment's due process or takings clause. *Id.* at 626–28; *Ohio Student Loan Comm'n,* 900 F.2d at 898–99; *S.C. State Education Assistance Authority,* 897 F.2d at 1276.

### B. Contractual Rights

██ The reinsurance agreements between GHEAC and the Secretary and federal regulations conditioned the receipt of reimbursements on the guarantor's agreement that it would be bound by all future changes in the Act. 34 C.F.R. § 682.400(d) (1989). In addition, the 1987 Amendments provided that GHEAC's contractual rights are subject to compliance with the new

transfer requirements. The Secretary adequately reserved the right to condition further reinsurance reimbursements on changes in its contractual relations with GHEAC; the designation of excess funds by the Amendments, therefore, does not amount to a "taking" of GHEAC's contractual rights. *See S.C. State Education Assistance Auth.*, 897 F.2d at 1275; *Great Lakes*, 711 F.Supp. at 495. Also, the transfer requirement does not constitute a breach of the contract between GHEAC and the Secretary because such a change was expressly provided for in the reinsurance agreements.

### C. Equal Protection

■ The 1987 Amendments do not require compliance with the transfer requirements by guarantors without excess reserves, guarantors that must retain excess reserves in compliance with state law, or guarantors that must retain excess reserves in accordance with contractual obligations. These classifications are rationally related to legitimate legislative purposes and do not violate the equal protection component of the Fifth Amendment. *See Great Lakes*, 711 F.Supp. at 496–97.

### D. Public Debt

■ 20 U.S.C. 1072(e) does not abrogate any contractual rights of GHEAC because the Secretary is empowered to withhold the funds in accordance with the agreements between the parties. In fact, GHEAC still has a contractual right to reimbursement. Defendants did not abrogate its contract in an attempt to lessen the public debt and, therefore, did not violate Section Four of the Fourteenth Amendment. *See Ohio Student Loan Comm.*, 900 F.2d at 902.

### III. *Denial of Administrative Waiver Application and Calculation of Excess Reserves*

Plaintiffs contend that even if the Amendments are constitutional, they were entitled to a waiver of the transfer requirement in accordance with 20 U.S.C. §§ 1072(e)(2) and (e)(3)(A)(iii). Plaintiffs also challenge the waiver determination on the grounds that it was made by unauthorized officials. Finally, plaintiffs question the calculation of the GHEAC's excess reserves.

■ Review of an agency's decision is governed by the Administrative Procedure Act ("APA"). The APA requires a court to set aside agency actions, findings, and conclusions if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (1988). Judicial review of an administrative action is based on review of the administrative record. *See Education Assistance Corp.*, 902 F.2d at 622. Plaintiffs have not filed, nor made reference to, the administrative record in this action. The Court, therefore, defers ruling on the question of the waiver denial and the calculation of the excess reserves pending submission of the administrative record.

### IV. *Conclusion*

Despite plaintiffs' fervent argument to the contrary, the Court does not find the 1987 Amendments to the Higher Education Act unconstitutional. Therefore, the Court GRANTS IN PART defendants' motion for summary judgment and DENIES IN PART plaintiffs' motion for summary judgment. The Court GRANTS plaintiffs' motion to supplement the complaint. The Court DEFERS RULING on plaintiffs' claim that there was an improper denial of GHEAC's waiver application and a miscalculation of excess reserves. The Court DIRECTS the parties to file jointly the administrative record in this action and submit briefs on the remaining issues, not to exceed 15 pages, within 30 days of the date of this order.

IT IS SO ORDERED.